UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES of AMERICA | ) ) ) | Criminal No. |
| v. | ) ) | 08-40017-FDS-1 |
| CARLOS BAEZ, | ) ) |  |
| Defendant. | ) ) |  |

## ORDER ON DEFENDANT'S MOTION FOR
## RELIEF UNDER THE FIRST STEP ACT AND 28 U.S.C. § 2255

**SAYLOR, C.J.**

Defendant Carlos Baez has moved for an order that he be resentenced under § 404(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, and 28 U.S. § 2255. The government does not dispute that he qualifies for relief.

Baez was sentenced in 2009 to a term of imprisonment of 25 years (300 months) to be followed by a 10-year term of supervised release. That sentence was based on his plea of guilty to a variety of charges: On Count 1, which charged possession of cocaine base with intent to distribute under 21 U.S.C. § 841(a)(1), he received a mandatory minimum sentence of 20 years (240 months). The mandatory minimum was imposed pursuant to 21 U.S.C. § 841(b)(1)(A) because the offense involved more than 50 grams of cocaine base and the government had filed an information under 21 U.S.C. § 851 establishing a prior conviction for a serious drug felony.[1]

---

[1] The term "serious drug felony" means an offense involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance, for which the offender served a term of imprisonment of more than 12 months, where the offender's release from prison was within 15 years of the commencement of the instant offense. 21 U.S.C. § 802; 18 U.S.C. § 924. The government had filed an information stating that Baez had been convicted in state court in 2001 of the manufacture, distribution, or dispensation of cocaine, for which he was sentenced to two to four years of imprisonment. (Government's Information Pursuant to 21 U.S.C. § 851, Dkt. 38).

On Count 2, which charged attempt to possess cocaine with intent to distribute under 21 U.S.C. §§ 841(a)(1) and 846, he received a concurrent sentence of 20 years (240 months). Because the drug weight was not charged, he faced no mandatory minimum sentence and a maximum sentence of 30 years due to his prior conviction, pursuant to 21 U.S.C. § 841(b)(1)(C). On Count 3, which charged possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c), he received a consecutive mandatory minimum sentence of 5 years (60 months). On Count 4, which charged possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), he received a concurrent sentence of 20 years (240 months) and was subject to a mandatory minimum sentence of 15 years (180 months). The mandatory minimum was applicable because, at the time of sentencing, he qualified under Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), as an armed career criminal. Under the circumstances, the Court imposed the lowest possible legal sentence, which was 25 years (300 months).

Baez has now moved for a reduction in sentence to 15 years (180 months). As to Count 1, he contends that he is subject to a new mandatory minimum sentence of 10 years under the First Step Act. As to Count 4, he contends that he no longer qualifies as an armed career criminal in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and is therefore no longer subject to a mandatory minimum sentence, but rather a maximum sentence of 10 years. The government does not oppose either contention.

As to Count 1, Baez is clearly eligible for relief under the First Step Act. The Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, changed the minimum amount of cocaine base necessary to trigger the enhanced penalties of 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams, and changed the minimum amount of cocaine base necessary to trigger the enhanced penalties of 21 U.S.C. § 841(b)(1)(B) from 5 grams to 28 grams. The First Step Act

2

made the modified penalties of the Fair Sentencing Act retroactive for crimes that were committed before August 3, 2010. Baez was originally convicted of possession with intent to distribute more than 50 grams of cocaine base, which subjected him to a mandatory minimum sentence of 20 years with 10 years supervised release under 21 U.S.C. § 841(b)(1)(A).[2] Under the First Step Act, he is now eligible for sentencing under 21 U.S.C. § 841(b)(1)(B) for possession with intent to distribute more than 28 grams of cocaine base, which carries a mandatory minimum sentence of 10 years imprisonment with 8 years supervised release in light of his prior conviction for a serious drug felony. Accordingly, Count 1 now carries a mandatory minimum sentence of 10 years (120 months).

As to Count 4, the Court finds that Baez is no longer subject to the requirements of the ACCA as a result of the Supreme Court's invalidation of the residual clause of the ACCA in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[3] He was originally convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The ACCA enhances the penalties for persons convicted of that offense if they have three or more predicate convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e). Baez had three prior Massachusetts convictions for resisting arrest (then considered to be a "violent felony" because it involved

---

[2] According to the Presentence Report, law enforcement officials recovered approximately 70.2 grams of cocaine base from Baez's house. (PSR at ¶¶ 14-15.)

[3] The government originally argued that the court should reject Baez's arguments concerning Count 4 because he did not file a timely motion to vacate his sentence under 28 U.S.C. §2255. (Gov't's Resp. to Mot. for Relief Under the First Step Act). Under 28 U.S.C. § 2255(f)(3), a defendant must file such a motion within one year of the date that the Supreme Court initially recognizes a new right made retroactively applicable to cases on collateral review. The *Johnson* case was decided on June 26, 2015. Under the statute, Baez was required to file any claim based on a right recognized in *Johnson* within one year, or by June 26, 2016. He did not, however, file his motion until December 20, 2019. If he *had* filed a motion before June 26, 2016, seeking to correct his sentence on Count 4, and if it had been granted, it would have had no effective impact on his sentence; at the time the First Step Act had not yet been passed and the 20-year mandatory minimum on Count 1 still applied.

The government has now waived any objection to Baez's motion to correct the sentence on Count 4 based on his failure to file a timely § 2255 motion "given the unique circumstances of this case." (Gov't's Resp. to Mot. to Correct Sentence Under 28 U.S.C. §2255). The government may do so, as the statute of limitations is not jurisdictional. *See Day v. McDonough*, 126 S. Ct. 1675, 1677-78 (2006).

"conduct that presents a serious potential risk of physical injury to another" pursuant to 18 U.S.C. § 924(e)(2)(B)(ii), the so-called "residual clause" of the ACCA); assault and battery with a deadly weapon (a "violent felony" pursuant to 18 U.S.C. § 924(e)(2)(B)(i)); and distribution of cocaine (a "serious drug offense" pursuant to 18 U.S.C. § 924(e)(2)(A)(ii)). He was therefore found to be an armed career criminal and subject to a mandatory minimum sentence of 15 years. (PSR at ¶¶ 49-59). However, the Supreme Court held in *Johnson* that the "residual clause" defining "violent felony" in the ACCA was unconstitutionally vague. 135 S. Ct. at 2563. In *Welch v. United States*, 136 S. Ct. 1257, 1263-68 (2016), the Supreme Court held that the rule of *Johnson* is retroactive to cases on collateral review. And in *United States v. Faust*, 853 F.3d 39, 55 (1st Cir. 2017), the First Circuit held that a Massachusetts conviction for resisting arrest can no longer be considered a "violent felony" predicate offense under the ACCA.

Now, because resisting arrest is no longer considered a "violent felony," only two of Baez's prior convictions are predicate offenses under the ACCA. He therefore no longer qualifies as an armed career criminal subject to the enhanced penalties of 28 U.S.C. § 924(e). In particular, he is not subject to a mandatory minimum sentence, and the maximum sentence on Count 4 is 10 years (120 months) pursuant to 28 U.S.C. § 924(a)(2).

In sum, Count 1 now requires a mandatory minimum sentence of 10 years, and Count 4 has no mandatory minimum sentence at all. The sentences for Counts 2 and 3 have not changed: Count 2 has no mandatory minimum sentence, and Count 3 requires a mandatory consecutive sentence of 5 years. Thus, the lowest sentence that the Court can legally impose is a term of imprisonment of 180 months: 120 months on Count 1, followed by a consecutive sentence of 60 months on Count 3, with concurrent terms of 120 months on Counts 2 and 4. The Court may also lower the term of supervised release from 10 years to 8 years.

Both the government and the defense agree that the motion should be granted, that the sentence for Counts 1, 2, and 4 should be reduced to 120 months, and that the term of supervised release should be lowered to 8 years. No sentence lower than 15 years, followed by 8 years of supervised release, is permissible. Under the circumstances, the Court sees no need for a hearing, much less a plenary sentencing proceeding (even assuming such a proceeding would be available).

Accordingly, and for the foregoing reasons, the motions of defendant Carlos Baez for relief under the First Step Act and 28 U.S.C. §2255 are GRANTED. A new judgment and commitment order will issue imposing a term of imprisonment of 180 months, calculated as follows: 120 months on Count 1, followed by a consecutive sentence of 60 months on Count 3, plus a concurrent sentence of 120 months on Counts 2 and 4. The term of imprisonment will be followed by a term of supervised release of 8 years, subject to the same conditions as the original sentence.

**So Ordered.**

Dated: April 3, 2020

/s/ F. Dennis Saylor IV  
F. Dennis Saylor, IV  
Chief Judge, United States District Court